UNITED STATES DISTRICT COURT
EASTERN DIVISION OF KENTUCKY
**SOUTHERN DIVISION at LONDON**

| | |
|---|---|
| DONNA S. MAGGARD, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Case No. |
| ) | 6:11-cv-230-JMH |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL ) | **MEMORANDUM OPINION & ORDER** |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

\*\*\*

This matter is before the Court upon cross-motions for summary judgment on Plaintiff's appeal of the Commissioner's denial of her application for a period of disability and disability insurance benefits. [Tr. 118-21].[1] The Court, having reviewed the record and being otherwise sufficiently advised, will deny Plaintiff's motion and grant Defendant's motion.

**I.    OVERVIEW OF THE PROCESS AND THE INSTANT MATTER**

The Administrative Law Judge ("ALJ"), in determining disability, conducts a five-step analysis:

> 1.  An individual who is working and engaging in substantial gainful activity is not disabled, regardless of the claimant's medical condition.

---

[1] These are not traditional Rule 56 motions for summary judgment. Rather, it is a procedural device by which the parties bring the administrative record before the Court.

>   2. An individual who is working but does not have a "severe" impairment which significantly limits his physical or mental ability to do basic work activities is not disabled.
>
>   3. If an individual is not working and has a severe impairment which "meets the duration requirement and is listed in appendix 1 or is equal to a listed impairment(s)", then he is disabled regardless of other factors.
>
>   4. If a decision cannot be reached based on current work activity and medical facts alone, and the claimant has a severe impairment, then the Secretary reviews the claimant's residual functional capacity and the physical and mental demands of the claimant's previous work. If the claimant is able to continue to do this previous work, then he is not disabled.
>
>   5. If the claimant cannot do any work he did in the past because of a severe impairment, then the Secretary considers his residual functional capacity, age, education, and past work experience to see if he can do other work. If he cannot, the claimant is disabled.

*Preslar v. Sec'y of Health and Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994) (citing 20 C.F.R. § 404.1520 (1982)). "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled." *Id.* "If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary." *Id.*

In the instant matter, the ALJ determined that Plaintiff did not engage in substantial gainful activity during the relevant time period under step one and had the

2

medically determinable impairments of irritable bowel syndrome ("IBS") and acid reflux under step two. [Tr. 13]. However, also under step two, the ALJ determined that Plaintiff's impairments were not "severe" as defined in the agency's regulations, and thus concluded that Plaintiff was not disabled under the Social Security Act. [Tr. 14-16]; 20 C.F.R. § 404.1521.

Plaintiff challenges the Commissioner's conclusion at step two. Primarily, Plaintiff argues that the Commissioner's decision is not supported by substantial evidence of record. Plaintiff contends that the ALJ did not give appropriate deference to the opinion of Plaintiff's treating physician when determining whether Plaintiff's impairments were severe. She also argues that the ALJ failed to consider the combined effects of her impairments on the overall severity of her condition. The Court has considered arguments by Plaintiff and the Commissioner, as well as the administrative record, and, for the reasons stated below, affirms the Commissioner's decision.

## II. STANDARD OF REVIEW

In reviewing the ALJ's decision to deny disability benefits, the Court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of

3

credibility. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Instead, judicial review of the ALJ's decision is limited to an inquiry into whether the ALJ's findings were supported by substantial evidence, 42 U.S.C. § 405(g), *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001), and whether the ALJ employed the proper legal standards in reaching his conclusion, *see Landsaw v. Sec'y of Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip*, 25 F.3d at 286.

### III. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is currently sixty years old with a high school education. [Tr. 25, 54]. She has past work experience as an optical assistant and an owner and operator of a wedding shop. [Tr. 25-27]. Plaintiff alleged disability beginning on September 8, 2004, due to IBS, acid reflux, edema and anxiety. [Tr. 129].

Plaintiff previously filed a Title II application for disability benefits on August 22, 2007, and a denial was issued on April 16, 2009. [Tr. 11]. Because Plaintiff did not present any new or material evidence that would warrant reopening this prior claim, the ALJ appropriately found it

4

barred under the doctrine of *res judicata*. [Tr. 11]. *See Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 842 (6th Cir. 1997) (holding that, absent evidence of an improvement in a claimant's condition, a subsequent ALJ is bound by the findings of a previous ALJ). Therefore, because Plaintiff's last insured date was December 31, 2009, the period relevant for Plaintiff's claim is April 17, 2009 through December 31, 2009. [Tr. 11].

During this time period, the ALJ considered Plaintiff's claim in accordance with the five-step sequential evaluation process. [Tr. 12-15]. At step two, the ALJ found that Plaintiff had two medical impairments, namely IBS and acid reflux. [Tr. 13-14]. After considering Plaintiff's allegations of pain, subjective reports of symptoms, daily activities, and the opinion of her treating primary physician, the ALJ determined that Plaintiff's impairments were not "severe" under 20 C.F.R. § 404.1521. [Tr. 14-15]. Therefore, the ALJ concluded that Plaintiff was not disabled during the period from April 17, 2009, through her date last insured, December 31, 2009. [Tr. 15].

In evaluating Plaintiff's claims, the ALJ had the benefit of the treatment records of Plaintiff's treating physician, Dr. Shelley Bundy Stanko. (Tr. 14).

5

**IV. Analysis**

Under 20 C.F.R. § 404.1520, a "severe impairment" is defined as an impairment or combination of impairments that significantly limits a claimant's physical or mental ability to do basic work activities. § 404.1520. The severity requirement cannot be satisfied when medical evidence shows that a claimant has the ability to perform basic work activities such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling; seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; use of judgment, responding appropriately to supervision, coworkers, and usual work situations; and dealing with changes in a routine work setting. *See* 20 C.F.R. § 404.1520(b)(1)-(6). When the ALJ is deciding whether an impairment is severe enough to prevent a claimant from performing basic work activities, he may consider *all* available evidence on the record, including objective medical evidence, the claimant's daily activities, and medication taken to alleviate the claimant's ailments. *See* 20 C.F.R. § 404.1529(c)(1)-(3).

Although Plaintiff suggests that the ALJ did not give appropriate deference to her treating physician's opinion, an ALJ is not bound to give a treating physician's opinion

6

controlling weight. 20 C.F.R. § 404.1527(c)(2). Rather, controlling weight should only be given to a treating physician when her opinion is "not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2); *see also Bogle v. Sullivan*, 998 F.2d 342, 347-48 (6th Cir. 1993)("such opinions receive great weight only if they are supported by sufficient clinical findings and are consistent with the evidence."). Indeed, in *Hall v. Bowen*, 837 F.2d 272 (6th Cir. 1988), the Sixth Circuit held that the ALJ may even completely reject conclusory statements by a treating physician if good reasons are identified for not accepting it. *Id.* at 276.

This Court is satisfied that the ALJ did in fact give Dr. Stanko's opinion appropriate deference in reaching the conclusion that Plaintiff's impairments were not severe. The ALJ correctly noted that Dr. Stanko's treatment notes do not include any objective medical findings other than mild lower extremity edema. [Tr. 232-22, 303-10]. Despite this lack of objective medical evidence, Dr. Stanko completed a questionnaire on September 29, 2009, that starkly contrasted with her previous analyses of Plaintiff's condition. [Tr. 282]. She explained, for example, that Plaintiff could only sit for twenty minutes at a time, and stand or walk only fifteen minutes at a

7

time, for a total of two hours of sitting and two hours of standing or walking in an eight-hour day. [Tr. 282]. Frankly, Dr. Stanko's own prior medical examinations of Plaintiff are utterly inconsistent with this extreme opinion. By pointing this out, the ALJ thus provided good reasons for discounting Dr. Stanko's opinion in his analysis. [Tr. 15]. Furthermore, when there is not detailed corroborating medical evidence for a treating physician's opinion, deference to the ALJ's assessment is appropriate. *See Blacha v. Sec'y of Health and Human Servs.*, 927 F.2d 228, 230 (6th Cir. 1990)("Without detailed corroborating medical evidence, this court will generally defer to the ALJ's assessment."). Given that Dr. Stanko's opinion lacks the requisite detailed evidence, such deference is appropriate here.

Additionally, other substantial evidence in the record supports the final decision that Plaintiff's impairments were not severe. For example, Plaintiff sought little treatment for her alleged impairments during the relevant time period, as she only went to see Dr. Stanko four times between April 2009 and December 2009 and mostly requested treatment for unrelated ailments such as a urinary tract infection and allergic sinusitis and rhinitis. [Tr. 14, 232-33, 303-310]. Moreover, Plaintiff testified that she

8

had not seen a specialist for her IBS symptoms in four or five years. [Tr. 32]. A reasonable mind might conclude that Plaintiff's lack of treatment indicates an alleviation of her symptoms. *See White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 284 (6th Cir. 2009) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

At the very least, Plaintiff's lack of treatment indicates that her symptoms were largely controlled, and certainly not debilitating. *See McGuire v. Comm'r of Soc. Sec.*, No. 98-1502, 1999 WL 196508, at *7 (6th Cir. Mar. 25, 1999)(citing *Blacha*, 927 F.2d at 231)(noting that where claimant only saw doctor four times in one year, a gap in treatment could "reasonably be viewed as inconsistent with a claim of debilitating symptoms."). Indeed, Dr. Stanko's own treatment notes support a conclusion that her IBS condition is controlled so long as Plaintiff takes her medication. [Tr. 307].

Plaintiff's daily activities are also inconsistent with a finding that her impairments are severe, as she reported that she is able to take care of her personal grooming and hygiene, perform household chores, cook, go grocery shopping, try to help with yard work, try to take walks every day, attend church, visit relatives, and drive. [Tr. 140-44, 150, 153-57, 167]. This level of activity

9

does not suggest that Plaintiff experienced the type of limitations to which Dr. Stanko opined in the September 29, 2009 questionnaire. [Tr. 282].

Finally, and contrary to Plaintiff's argument, the ALJ did consider the cumulative effect of her impairments when determining whether they were severe. The Sixth Circuit has recognized that "[i]n reaching a determination as to disability, the ALJ is to consider the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity to render the claimant disabled." *Walker v. Sec'y of Health and Human Servs.*, 980 F.2d 1066, 1071 (6th Cir. 1992) (citing 20 C.F.R. § 404.1523). However, "[a]n ALJ's individual discussion of multiple impairments does not imply that he failed to consider the effect of the impairments in combination, where the ALJ specifically refers to a 'combination of impairments'". *Loy v. Sec'y of Health and Human Servs.*, 901 F.2d 1306, 1310 (6th Cir. 1990) (citing *Gooch v. Sec'y of Health and Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987)).

Plaintiff fails to explain in what regard the ALJ did not consider the combined effects of her impairments, nor did she specifically explain how her combined impairments would render her condition severe. Generally, this Court

is not required to "formulate arguments on the Plaintiff's behalf" or engage in an "open-ended review of the entirety of the administrative record to determine ... whether it might contain evidence that arguably is inconsistent with the Commissioner's decision." *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006). However, a brief review demonstrates that Plaintiff's contention is unwarranted, as the ALJ sufficiently considered Plaintiff's impairments. For example, the ALJ stated that Plaintiff "did not have an impairment or combination of impairments that significantly limited her ability to perform basic work activities." [Tr. 14]. The ALJ also made multiple references to Plaintiff's "impairments" and discussed each impairment. [Tr. 13-15]. Thus, the ALJ sufficiently considered the cumulative effect of Plaintiff's impairments.

In conclusion, the objective evidence in this case did not establish that Plaintiff's impairments were severe within the meaning of the Social Security Act, and substantial evidence supports the ALJ's decision.

**IT IS ORDERED:**

(1) that Plaintiff's Motion for Summary Judgment [DE 14] is **DENIED**; and

(2) that Defendant's Motion for Summary Judgment [DE 15] is **GRANTED**.

This the 23rd day of August, 2012.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

12